IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ZARYAB Y. SHEIKH, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 110224C |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff has appealed the real market value (RMV) of certain real property identified in

the assessor's records as Account R282584 for the 2010-11 tax year. Trial in the matter was held

by telephone November 28, 2011. Plaintiff appeared on his own behalf. Defendant was

represented by Dave Babcock (Babcock), Appraisal Supervisor, and Jeff Sanders (Sanders), an

Oregon registered appraiser, both of whom worked for the Multnomah County Assessor.

I. STATEMENT OF FACTS

The subject property is a three-bedroom, three and one-half bathroom, single-family

residential home on a one third (1/3) acre lot in Portland, Oregon. The subject is a 3,900 square

foot single story home with a daylight basement, built in 1966.[1] The main floor is approximately

2,800 square feet, and the daylight basement is approximately 1,100 square feet. The home has a

two car attached garage. Other amenities include forced air and radiant floor heating, central air

conditioning, two fireplaces, a concrete patio/deck, a wood fenced yard, and a wood shake roof.

The values the assessor placed on the assessment and tax rolls for subject property for the

2010-11 tax year are $623,840 RMV, and $536,930 for the maximum assessed value (MAV) and

---

[1] Plaintiff's appraiser indicates in his report that the home has a 1,496 square foot "[b]asement [a]rea" but Sanders inspected and measured the basement for this trial and the parties agree that the daylight basement area is approximately 1,100 square feet. (Ptf's Ex 1 at 2.)

assessed value (AV).  Plaintiff appealed those values to the Multnomah County Board of Property Tax Appeals (Board), and the Board sustained the values.  Plaintiff then appealed to this court, requesting a reduction in the RMV to $474,900.  Defendant has asked the court to sustain the RMV (and other values – MAV and AV).

Plaintiff submitted an appraisal report that estimates the value of his home at $500,000 as of October 26, 2011.  (Ptf's Ex 1 at 3.)  The appraiser did not testify.[2]  Plaintiff also submitted three property listings for $445,000, $379,800, and $475,000.  (Ptf's Exs 2, 3, and 4.)  Finally, Plaintiff presented his own value analysis using county roll values.  (Ptf's Ex 5.)

Defendant's appraiser, Sanders, submitted a five page document with a single page valuation grid that provides a value estimate of $685,000 (rounded) based on three comparable sales.  Defendant, however, is only requesting that the current RMV on the rolls be sustained at $623,840 (RMV).

## II.  ANALYSIS

The issue in this case is the RMV of Plaintiff's home as of January 1, 2010, because that is the assessment date for the 2010-11 tax year.  ORS 308.007; ORS 308.210.[3]  Oregon law defines RMV for property assessment and taxation purposes as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."  ORS 308.205(1).

/ / /

---

[2] Defendant's representative Babcock asked on cross-examination if the appraiser was available to testify and Plaintiff indicated that he could be reached by telephone.  However, no advance arrangements for telephone testimony were made as required by Tax Court Rule (TCR) 59 B (requiring the filing of a written motion for telephone testimony at least 30 days prior to trial and based on "good cause shown").

[3] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

While there are three recognized methods for valuing property, the sales comparison approach is most appropriate for valuing residential property.[4] *Ward v. Dept. of Rev.,* 293 Or 506, 511, 650 P2d 923 (1982) (citations omitted). The court looks at arm's-length sales transactions of similar property to determine a correct RMV. *Richardson v. Clackamas County Assessor*, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003). The value of property is ultimately a question of fact. *Chart Development Corp. v. Dept. of Rev.*, 16 OTR 9, 11 (2001) (citation omitted).

Plaintiff did submit an appraisal report. However, the report indicates that the valuation date for the $500,000 value estimate is October 26, 2011, which is almost 22 months after the applicable assessment date. The report relies on three sales and two listings. The sales all occurred in August 2011. (Ptf's Ex 1 at 3.) The appraiser did not adjust those sales for market changes between the sales dates and the January 1, 2010, assessment date, probably because he was providing a "current" value estimate (November 2011). The report also erroneously indicates that the home has a 1,496 square foot basement, whereas the parties agree that the basement is actually closer to 1,100 square feet in size. (Ptf's Ex 1 at 2.) There may well be other inaccuracies. More importantly, there is no explanation for the appraiser's adjustments, and there is no statement as to the purpose for the appraisal or the scope of work other than standard boilerplate language indicating "[t]he scope of work * * * is defined by the complexity

/ / /

/ / /

---

[4] An administrative rule promulgated by the Oregon Department of Revenue instructs that the three approaches to value (sales comparison, cost, and income) be considered in determining a property's value, but recognizes that all three approaches may not be applicable in a given case. OAR 150-308.205-(A)(2). Because the subject property is owner occupied and does not generate any income, neither party used the income approach in valuing Plaintiff's property. Because land value is at issue, the typical methodology prescribed by the cost approach is not relevant.

of this appraisal assignment and the reporting requirements of this appraisal report form," and that the intended use "is for the lender/client to evaluate the property * * * for a mortgage finance transaction." (Ptf's Ex 1 at 5.)

Defendant's representative Babcock noted that the appraisal form was a standard Fannie Mae document and asserted that the report appears to violate applicable Uniform Standards of Professional Appraisal Practice (USPAP) requirements. Babcock did not elaborate, other than to note that the appropriate section in the report designed for explaining the appraiser's adjustments was left blank and that the appraiser's qualifications were not included in the report. Those likely are violations of USPAP.

Plaintiff testified that he hired the appraiser and asked him to value the property for a property tax appeal, and to estimate the value as of January 2010. The report does not reflect either of those instructions. The court finds that Plaintiff's appraisal report is irrelevant because of the many problems discussed immediately above, the two chief concerns being that the appraiser did not testify and the valuation date is approximately two years after the applicable assessment date.

Plaintiff's three listings are of no value for a number of reasons. First, they do not appear to be similar to the subject property. Second, it appears that the listings are more or less current as of the date of trial, which is roughly two years after the applicable assessment date of January 1, 2010.

Finally, there is Plaintiff's own valuation analysis. (Ptf's Ex 5.) However, Plaintiff is not qualified to value property, and his value estimates are simply the values per square foot based on assessment and tax roll values, rather than comparable sales. Plaintiff testified that the purpose of that exhibit was to demonstrate the disparity between his property and other

properties. However, the question is not whether Plaintiff's properties are uniformly valued when compared to other similar properties, but rather, the market value of Plaintiff's property as of January 1, 2010; as indicated above, the typical method for estimating a value is to evaluate comparable sales and make adjustments for differences. Roll values may or may not reflect actual market values. The court concludes that Plaintiff's valuation analysis document is also irrelevant for purposes of determining the value of the subject property.

By statute, Plaintiff has the burden of proof and must establish an error in the record assessment by a "preponderance" of the evidence. ORS 305.427. The court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971); *see also Riley Hill General Contractor, Inc. v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595 (1987) (where the Oregon Supreme Court explained that the derivation of the word "preponderance" is Latin in origin and "translates to 'outweigh, be of greater weight.' ").

Burden of proof requires that the party seeking relief (Plaintiff in this case) provide evidence to support their argument. The evidence that the plaintiff provides must be competent evidence of the requested RMV of the property in order to sustain the burden of proof. *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Plaintiff has failed to meet the requisite burden of proof. The court could conclude its analysis at this point. However, the court will briefly address Defendant's value evidence.

Defendant submitted an appraisal report with a value estimate $185,000 higher than Plaintiff's appraisal report ($685,000 versus $500,000) and roughly $50,000 above the current RMV on the assessment and tax rolls. The author of that report, Sanders, testified as to how he

selected his comparables and the basis for the adjustments he made to those sales. The court

does have some concerns about the reliability of that report. Most notable is the magnitude of

the adjustments Sanders made to two of his three comparable sales (#1 and #3). However,

Sanders testified that he relied most on comparable sale number two, which had total

adjustments of only approximately $25,500 on a property that sold for $699,000. (Def's Ex 1

at 4.)

### III. CONCLUSION

After reviewing the evidence and testimony of the parties, the court concludes that

Plaintiff has failed to establish an error in the RMV of the subject property by a preponderance

of the evidence. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and the values

currently on the assessment and tax rolls for the 2010-11 tax year are sustained.

Dated this ＿＿ day of December 2011.

_____

DAN ROBINSON
MAGISTRATE


***If you want to appeal this Decision, file a Complaint in the Regular Division of
the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563;
or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within 60 days after the date of the Decision
or this Decision becomes final and cannot be changed.***

***This document was signed by Magistrate Dan Robinson on December 14, 2011.
The Court filed and entered this document on December 14, 2011.***